FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 DEC 11  PM 12: 31

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MONICA MCCANTS, #54242-037           *
    Petitioner,
v.                                   *     Civil Action No. JKB-14-3815
                                                     Criminal Action No. JKB-11-0426
UNITED STATES OF AMERICA             *
    Respondent.
                                                   *****

## MEMORANDUM

Monica McCants pleaded guilty to one count of conspiracy to participate in a racketeering enterprise and one count of distribution and possession with intent to distribute controlled substances (a mixture of heroin and cocaine base), in violation of 18 U.S.C. § 1962(d) & 21 U.S.C. § 846. On May 24, 2013, she was sentenced to concurrent 180-month terms. Judgment was entered on May 29, 2013. *See United States v. McCants*, Criminal No. JKB-11-426 (D. Md.) at ECF No. 311. No appeal was filed.

On July 2, 2014, the court received for filing McCants's self-represented "motion to vacate sentence in light of *Alleyne v. United States*," dated June 16, 2014. *Id.* at ECF No. 373. After limited briefing by the parties, on August 29, 2014, the motion was dismissed as time-barred and a certificate of appealability was denied. *Id.* at ECF Nos. 383 & 384. McCants's appeal of that determination is pending before the United States Court of Appeals for the Fourth Circuit.

On December 8, 2014, McCants filed a new motion to vacate in which she alleges that (1) her plea was not voluntarily made due to the failure of defense counsel to inform and advise her of all of her options and of the conditions and terms of her plea agreement; (2) defense counsel failed to file a direct appeal as she instructed; and (3) her guilty plea was not voluntary in light of the prosecutor's

threats and intimidation. *See United States v. McCants*, Criminal No. JKB-11-426 (D. Md.) at ECF No. 400.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides, in relevant part,

A second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See* 28 U.S.C. § 2255(h).

Notably, the AEDPA does not define "second or successive." *In re Taylor*, 171 F.3d 185, 187 (4th Cir. 1999). Instead, the phrase "takes its full meaning from [Supreme Court] case law, including decisions predating the enactment of the [AEDPA]." *Panetti v. Quarterman*, 551 U.S. 930, 943–44 (2007) (citation omitted) (§ 2254 case). "This case law reveals that the High Court has 'declined to interpret "second or successive" as referring to all ... applications filed second or successively in time, even when the later filings address a ... judgment already challenged in a prior ... application.'" *Scott v. United States*, 761 F. Supp. 2d 320, 324 (E.D. N.C. 2011) (footnote omitted) (quoting *Panetti*, 551 U.S. at 943–44). Indeed, the Fourth Circuit has clearly stated that "it is settled law that not every numerically second petition is a 'second or successive' petition within the meaning of the AEDPA." *In re Williams*, 444 F.3d 233, 235 (4th Cir. 2006) (§ 2254 case). Therefore, "it is improper for a lower court to formulaically conclude that every motion filed *after* an initial section 2255 motion is filed is a 'second or successive motion.'" *Scott*, 761 F. Supp. 2d at

325. Importantly, where a petitioner's initial § 2255 was not adjudicated and disposed of on the merits, any subsequent § 2255 petition may not be deemed "second or successive." *See Slack v. McDaniel,* 529 U.S. 473, 485–86 (2000).

The court dismissed McCants's first § 2255 motion as time-barred. That dismissal constitutes an adjudication on the merits. *See Villaneuva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003). Thus, the present motion to vacate, which raises a direct attack on the same convictions, is successive. As such, McCants must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this court will consider any second or successive petition under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(h) ("[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). McCants has not shown that she has obtained the permission of the Fourth Circuit to file a successive motion. Accordingly, the court shall dismiss this successive motion. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007) (holding that failure of the petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

The Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization order. The procedural requirements and deadlines for filing the motion are inclusive. The Clerk shall provide a packet of instructions promulgated by the Fourth Circuit that addresses the procedure to be followed should McCants wish to seek authorization in the appellate court to file a successive § 2255 petition. It is to be emphasized that McCants must file the motion with the Fourth Circuit and obtain authorization to file her successive petition before this court may examine her claims.

A separate order follows dismissing this motion, declining to issue a certificate of appealability, and closing the civil case.

Date: December 10, 2014

James K. Bredar
United States District Judge