IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MONICA MCCANTS, 54242-037<br>Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA<br>Respondent. | *<br><br>*   CRIMINAL ACTION NO. JKB-11-0426<br>    CIVIL ACTION NO. JKB-18-522<br>*<br><br>***** |

## **MEMORANDUM**

On February 20, 2018, Monica McCants, an inmate confined at the Federal Prison Camp in Alderson, West Virginia, filed a missive with the Court seeking a "waiver and/or removal of specific characteristic enhancement [made pursuant to] 2D1.1(b)(2) . . . ." The letter was alternatively construed as correspondence and as a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence by a person in federal custody. *United States v. McCants*, Criminal No. JKB-11-0426 (D. Md.) at ECF Nos. 461 & 462. McCants attacks her 2013 sentencing enhancements, seemingly claiming that she did not use violence, make a threat of violence, or direct the use of violence, and the sentencing enhancements should not have applied to her. She asks to remove the enhancement so that she may participate in a Residential Drug and Alcohol Program (RDAP) and receive early release. The correspondence shall be analyzed in the alternative as a motion to vacate and as a motion for reduction of sentence under 18 U.S.C. § 3582. For reasons to follow, the motion to vacate shall be dismissed without prejudice, while the motion for reduction of sentence shall be denied.[1]

---

[1] On April 16, 2018, the Clerk received a letter from McCants, captioned as a "motion of inquiry," seeking court response to her February 2018 correspondence. In light of this decision, the motion shall be denied as moot.

**I. Case History**

On May 24, 2013, McCants was sentenced to concurrent 180-month terms on counts of conspiracy to participate in a racketeering enterprise and conspiracy to distribute and possess with intent to distribute a mixture containing heroin and cocaine base, in violation of 18 U.S.C. § 1962(d) and 21 U.S.C. § 846. McCants was also ordered to serve concurrent five-year terms of supervised release and to pay a special assessment of $200.00. Judgment was entered on May 29, 2013. *United States v. McCants*, Criminal No. JKB-11-0426 (D. Md.) at ECF No. 426. No appeal was noted.

On July 2, 2014, the court received McCants's self-represented motion to vacate raising a claim under the Supreme Court opinion of *Alleyne v. United States*, 570 U.S. 99 (2013). McCants alleged that "any fact that increases the penalty for a crime beyond the maximum, must be submitted to a jury, and proved beyond a reasonable doubt, or agreed upon, during plea negotiations, by the defendant." *United States v. McCants*, Criminal No. JKB-11-0426 (D. Md.) at ECF No. 373. She claimed that elements not charged, proven to a jury, or agreed upon by McCants were used to enhance her sentence.[2] After briefing, on August 29, 2014, the court dismissed the motion to vacate as time-barred and declined to issue a certificate of appealability. *Id*. at ECF Nos. 383 & 384. On December 18, 2014, the Fourth Circuit denied a certificate of appealability and dismissed the appeal. *See United States v. McCants*, 588 F. App'x. 234 (4th Cir. 2014).

---

[2] McCants claimed she was informed that her offense level would be 32, but argued that the government decided to enhance her sentence by six levels.

On December 8, 2014, the Court received McCants's second § 2255 motion, attacking the effectiveness of her criminal trial attorney and the "threat[s] and intimidat[ion]" employed by an Assistant United States Attorney. *United States v. McCants*, Criminal No. JKB-11-0426 (D. Md.) at ECF Nos. 400 & 401. The matter was dismissed as successive on December 11, 2014. *Id.*, at ECF Nos. 401 & 402.

## II. Motion to Vacate

If it was McCants's intention to file her letter as a § 2255 motion, the law is well settled that the district court lacks jurisdiction to consider a second or successive motion filed under 28 U.S.C. § 2255 unless the motion has been certified in advance by a panel of the appropriate circuit court of appeals and found to contain newly discovered evidence bearing on the innocence of the movant or is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see also United States v. Winestock,* 340 F.3d 200, 205 (4th Cir. 2003). In this case, McCants filed prior § 2255 motions, which related to the same judgment and sentence that she presently challenges.

McCants neither states nor does the record show that she has obtained prior authorization from the Fourth Circuit to bring this 28 U.S.C. § 2255 action. Without prior appellate prefiling authorization, this Court is unable to hear McCants's claim. *Winestock,* 340 F.3d at 205. The motion must be dismissed for lack of jurisdiction. *See Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000).[3]

---

[3] The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a "motion" to obtain the aforementioned authorization Order. The

**III. 18 U.S.C. § 3582**

The court alternatively construes McCants's filing as a motion for reduction of sentence. The authority to modify or correct a previously imposed sentence occurs only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). These circumstances are limited to (1) when the Bureau of Prisons ("BOP") moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Federal Rule of Criminal Procedure 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. *See* 18 U.S.C. § 3582(c).

As McCants is aware, on September 13, 2016, the court granted her previous motion to reduce sentence, finding that she was entitled to an offense level reduction from 35 to 33 under Amendment 782 of the United States Sentencing Guidelines. Her sentence was reduced to a 168-month term. *United States v. McCants*, Criminal No. JKB-11-0426 (D. Md.) at ECF No. 438. McCants sought further sentencing reductions for post-sentencing rehabilitation programming, employment, and positive family relationships. Those motions were denied. *Id*., ECF Nos. 440-441, & 458-460.

---

Clerk shall attach a packet of instructions promulgated by the Fourth Circuit to be followed should McCants wish to seek authorization to file a successive petition. It is emphasized that the "motion" must be filed with the Fourth Circuit and authorization obtained before this Court may examine McCants's claim.

Upon review of the underlying criminal case and McCants's most recent motion, the Court finds no factual, legal, or statutory basis for providing McCants any further sentence reduction.[4]

**IV. Certificate of Appealability**

A certificate of appealability ("COA") will not issue unless a petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A litigant seeking a COA must demonstrate that a procedural ruling barring relief is itself debatable among jurists of reason; otherwise, the appeal would not "deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 777 (2017). Denial of a COA does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission. The court declines to issue a certificate of appealability. The motion to vacate will be dismissed without prejudice for lack of jurisdiction. Alternatively, the motion, when construed as one pursuant to 18 U.S.C. § 3582(c), shall be denied. A separate Order shall be entered reflecting the opinion set out herein.

---

[4] McCants claims that she did not threaten or direct that violence be used. The Court finds the claim incredible.

Dated this 19th day of April, 2018.

BY THE COURT:

_____/s/_____
James K. Bredar
Chief Judge